# EXHIBIT A



TRINIDAD NAVARRO
COMMISSIONER

STATE OF DELAWARE
DEPARTMENT OF INSURANCE

March 05, 2026

STATE FARM FIRE AND CASUALTY COMPANY
c/o CORPORATION SERVICE COMPANY
251 LITTLE FALLS DR
WILMINGTON, DE 19808

**VIA CERTIFIED MAIL  9589 0710 5270 1452 7244 66**
**RETURN RECEIPT REQUESTED**

RE: ELISE BRATHWAITE v. STATE FARM FIRE AND CASUALTY
COMPANY AND GRIFFITH ENERGY SERVICES INC. d/b/a CARL KING
ENERGY SERVICES, INC.
CASE No.: K26C-02-032 NEP

Dear Sir/Madam:

Pursuant to 18 <u>Del</u>. <u>C</u>. § 525, the Delaware Insurance Commissioner's office
received the enclosed service of process documents on March  3, 2026.

Please <u>DO NOT </u>send your response to the Delaware Insurance Department.
**Respond directly to the requesting party, Michael K. DeSantis, Esq., identified**
**in the enclosed legal process.**

Sincerely,

*Victoria Blount*

Victoria Blount
Service of Process Administrator

Enclosure
Cc: Michael K. DeSantis, Esq.,  (w/out encl.)



EFiled: Feb 25 2026 02:18PM EST
Transaction ID 78549152
Case No. K26C-02-032 NEP

EFiled: Feb 25 2026 01:26PM EST
Transaction ID 78548085
Case No. K26C-02-032 NEP

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ELISE BRATHWAITE,                    :

    Plaintiff,                   :

    v.                           :   C.A. No.: K26C-02-032 NEP

STATE FARM FIRE AND                  :   TRIAL BY JURY OF 12
CASUALTY COMPANY and                 :   DEMANDED
GRIFFITH ENERGY SERVICES,            :
INC. d/b/a CARL KING ENERGY          :
SERVICES, INC.,                      :

    Defendants.                  :

### SUMMONS

THE STATE OF DELAWARE:
TO THE SHERIFF OF KENT COUNTY:
YOU ARE COMMANDED:

    To summon the named Defendant, **State Farm Fire and Casualty Company** so that within (20) days after service hereof upon said Defendant, exclusive of the day of service, the defendant shall serve upon MICHAEL K. DeSANTIS, ESQUIRE, plaintiff's attorney, whose address is Offit Kurman, P.A. 222 Delaware Avenue, Suite 1105, Wilmington, Delaware 19801, an Answer to the Summons and Complaint.

Dated:     2/25/26

                           *Prothonotary*

                         Annette Ashley

1

EFiled: Feb 25 2026 02:18PM EST
Transaction ID 78549152
Case No. K26C-02-032 NEP

## TO THE ABOVE-NAMED DEFENDANT:

In case of your failure, within (20) days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an Answer to the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

2/25/26

*Prothonotary*

_____
Annette Ashley

4928-6335-9377, v. 1

SHERIFF'S HAND
KENT COUNTY, DEL.
2026 FEB 27 A 10:44

2

EFiled: Feb 20 2026 04:41PM EST
Transaction ID 78521704
Case No. K26C-02-032 NEP

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ELISE BRATHWAITE,                          :

    Plaintiff,                             :

    v.                                     :   C.A. No.:

STATE FARM FIRE AND                        :   TRIAL BY JURY OF 12
CASUALTY COMPANY and                       :   DEMANDED
GRIFFITH ENERGY SERVICES,                  :
INC. d/b/a CARL KING ENERGY                :
SERVICES, INC.,                            :

    Defendant.

## COMPLAINT

Plaintiff, Elise Brathwaite, by and through its undersigned counsel, submits this Complaint against Defendants State Farm Fire and Casualty Company ("State Farm") and Griffith Energy Services, Inc. dba Carl King Energy Services, Inc. ("Griffith" and/or "Carl King;" collectively with State Farm, the "Defendants"), and in support avers as follows:

### NATURE OF THE ACTION

1.     Plaintiff has commenced this action seeking damages, declaratory relief and other relief against State Farm and Carl King. This dispute arises because State Farm wrongfully refused to honor its contractual obligations under a certain policy of homeowner property insurance sold and issued by State Farm to Plaintiff.

1

2.      Further, Defendant Carl King failed to deliver heating oil to Plaintiff's home despite Plaintiff contracting for automatic delivery of heating oil under a bronze maintenance plan. Carl King's failure to do so was devoid of any notice to the Plaintiff or any credible explanation therefor.  Upon information and belief, Carl King's failure to deliver heating oil caused a hazardous condition that contributed to the consequent flooding of Plaintiff's home.

3.      Plaintiff now seeks, among other relief, a declaration that State Farm has failed in its obligation to make full and timely payment of insurance proceeds for direct physical loss of, and/or damage to, Plaintiff's property insured under the terms of one or more of State Farm's insurance products, a declaration that Carl King breached its contract with Plaintiff to deliver heating oil, damages for the destruction of Plaintiff's home and personal property.

## THE PARTIES

4.      Plaintiff is a Delaware resident. At all times relevant hereto, Plaintiff owned the real property located at 96 Quail Hollow Drive, Dover DE, 19904 ("the Premises").

5.      Defendant State Farm is an Illinois corporation licensed to engage in the business of insurance under the laws of the state of Delaware. Service of process can be made by serving the Insurance Commissioner of the State of Delaware.

2

6. Defendant Griffith Energy Services, Inc. is a New York state corporation duly registered to do business in the State of Delaware, where it does so under the name of Carl King Energy Services, Inc. ("Carl King"). Griffith may be served through its registered agent for service of process in the State of Delaware, Capitol Services, Inc., 108 Lakeland Ave., Dover, DE 19901.

**JURISDICTION**

7. This Court has subject-matter jurisdiction over this action pursuant to 10 Del. § 541, because the claims are legal in nature and the amount in controversy exceeds the jurisdictional minimum of this Court.

8. Personal jurisdiction exists over State Farm because State Farm conducts insurance business in the State of Delaware, and the contract in dispute was entered into in Delaware for the purpose of insuring a Delaware resident.

9. Personal jurisdiction exists over Griffith/Carl King because Carl King is duly registered to do business in Delaware and renders its services to Delaware residents.

10. Venue is proper in this Court pursuant to 10 Del. § 542 because, *inter alia*, the causes of action arose in Kent County and Plaintiff resides there.

**STATE FARM'S HOMEOWNER INSURANCE POLICY**

11. In approximately 1978, State Farm sold and issued to Plaintiff a homeowner's insurance policy number 08-57-0539-3, as part of a comprehensive

3

homeowner's insurance coverage plan (the "Policy"), which covered the Premises in question. At all relevant times, Plaintiff continuously maintained the Policy.

12.    The terms, conditions, definitions and exclusions of the Policy were drafted, selected and/or assembled by State Farm and/or its agents.

13.    No part of the Policy was drafted by Plaintiff or her representatives.

14.    In or around October 2024, Plaintiff paid her annual insurance premium and renewed the Policy for the October 2024 - October 2025 period. Consequently, the Policy was valid and enforceable against State Farm during this twelve-month period.

15.    Pursuant to section I of the Policy, which set forth the property coverages and limits of liability for the dwelling, other structures, personal property and loss of use, State Farm was obligated to provide coverage to the Plaintiff for sudden and accidental direct physical loss to the dwelling and covered property.

16.    Under section I of the Policy, State Farm declined to cover and/or pay for losses to the Premises caused by freezing of a plumbing, heating, air conditioning, or automatic fire protective system or of a household appliance; or discharge, leakage, or overflow from within the system or appliance caused by freezing unless Plaintiff has (1) used reasonable care to maintain heat in the building structure at 55 degrees Fahrenheit or higher *or* (2) shut off the water supply and drained the system and appliances of water.

4

17. At all times relevant to this Complaint, the temperature of the Premises was maintained at a minimum of 60 degrees Fahrenheit.

**<u>PLAINTIFF'S REASONABLE EFFORTS TO MAINTAIN HEATING</u>**

18. At all times relevant hereto, Plaintiff, a resident of Dover, has maintained an account with the City of Dover Utility which provides the Premises with electricity. During all relevant times, Plaintiff received electricity distribution, consumed electricity, and timely made payments to the City of Dover towards her monthly electricity bill.

19. Separately, Plaintiff was a party to two valid and enforceable contracts against Carl King: (1) an oil heat service agreement which required Carl King to automatically deliver heating oil to the Premises, and (2) a Bronze AC service plan wherein Plaintiff paid an annual fee of $299.95 in exchange for on-call 24-hour access to Carl King's services.

20. The Bronze Service plan was only available to Carl King customers that signed up for automatic heating oil delivery. In addition to the on-call 24-hour service, the Bronze AC service plan also included an annual check of the Plaintiff's heating system. The last such annual check by Carl King, before the Premises suffered the damage at issue, was performed at the Premises on June 14, 2024. Following this annual check, Carl King did not notify the Plaintiff of any issues.

5

21.    Thus, the Premises was heated using electricity through City of Dover Utility and heating oil automatically delivered by Carl King. The oil in the tank and electric air system worked together to heat the home.

## THE FLOODING

22.    On February 1, 2025, Plaintiff discovered that a pipe in one of the bathrooms within the Premises had burst, resulting in severe flooding and substantial damage to the Premises and Plaintiff's personal property (the "Loss").

23.    The February 2025 pipe burst and flooding incident caused a direct physical loss to the Premises that constitutes a covered cause of loss under the terms of the Policy.

24.    At all times relevant hereto, Plaintiff's son Paul Brathwaite has been responsible for maintaining the Plaintiff's financial affairs and for the upkeep of all real property owned by the Plaintiff, including the Premises. Paul Brathwaite has further maintained a Durable Power of Attorney on Plaintiff's behalf since March of 2025. Under this Power of Attorney, Paul Brathwaite maintains, *inter alia*, the right to act on the Plaintiff's behalf with respect to any insurance policy to which the Plaintiff is a party, as well as to engage in litigation on the Plaintiff's behalf.

25.    On February 1, 2025, immediately after discovering the flooding, Paul Brathwaite took all necessary steps to stop it. Immediately after stopping the flooding, Paul subsequently filed a claim seeking coverage for the Loss under the

6

Policy and provided all requisite notice to State Farm. Throughout this period, Plaintiff cooperated fully with State Farm and provided all additional information and documentation requested by State Farm, purportedly to assist in State Farm's investigation of the claim.

## STATE FARM'S BREACH

26.     Upon being notified of the claim, State Farm conducted a preliminary investigation and concluded that the pipe burst had been caused by one or more frozen pipes. State Farm requested prior utility bills to confirm that heating had been maintained in the Premises. Plaintiff provided the requested bills, which included her electric bills, and State Farm approved the claim.

27.     On February 5, 2025, State Farm approved a pack-out request by Service Master of Bel Air and the demolition process on the Premises commenced.

28.     However, on February 11, 2025, State Farm notified the Plaintiff that the demolition work was to be halted. State Farm purportedly developed "concerns" regarding the Plaintiff's coverage for the Loss and used this as its reason for halting the demolition work. On that same day, State Farm notified Plaintiff that an allegedly "routine survey" of the Premises had been scheduled.

29.     In scheduling this "routine survey," State Farm represented to the Plaintiff in writing that the survey was "not a health or safety inspection and [was]

7

not intended to ensure compliance with laws, codes or standards that may apply to [the] premises."

30. On February 20, 2025, State Farm notified Plaintiff that it had purportedly conducted an investigation and decided to decline coverage for freeze damage to the Premises because Plaintiff allegedly failed to use reasonable care to either (1) maintain heat within the Premises at 55 degrees Fahrenheit or higher, or (2) shut off the water supply to the Premises' plumbing system and drain same of water. In so notifying the Plaintiff, State Farm did not disclose the factors considered for this decision or the investigatory steps it took to reach this conclusion.

31. State Farm did not properly conduct its investigation on the cause of the burst pipe. Instead, upon information and belief, State Farm concluded that the burst pipe was caused by a failure to maintain the house's temperature based solely on the fact that the oil tank for the house was observed to be empty. Such a conclusion ignored a fact, known to State Farm, that the house was heated by two sources – oil *and* electricity.

32. Assuming that State Farm's conclusion that the pipes had frozen is correct, the decision to deny coverage is factually incorrect and contrary to the Policy because at all times relevant hereto, Plaintiff did maintain the temperature of the Premises at a minimum of 60 degrees Fahrenheit. Additionally, Plaintiff

8

demonstrably took reasonable steps to heat the Premises including paying her electric utility bills and contracting – and paying for – the supply of heating oil.

33.    The Loss is a covered cause of loss under the terms of the Policy.

34.    State Farm has breached the terms of the Policy by declining to make the required payment of actual cash value necessary to repair the Premises based on equivalent construction and use of the Premises.

35.    Due to the flooding incident and State Farm's subsequent denial of coverage, Plaintiff has been forced to pay for the repairs to the Premises herself and sustained substantial damage to her personal property in the house as well.  The total amount of damages incurred by the Plaintiff to date comes to at least three hundred thousand dollars ($300,000.00), though this amount will continue to accrue as the remedial work to the Premises is not complete.

36.    State Farm has failed to pay Plaintiff any amounts in insurance coverage under the Policy, and in connection with harm suffered by Plaintiff from the Loss.

37.    Plaintiff has satisfied all conditions precedent under the Policy, or such conditions have been waived or excused by State Farm's conduct.

38.    State Farm's refusal to provide coverage to the Plaintiff for the Loss was both a breach of its contractual obligations and an act of bad faith.

**CARL KING'S BREACH**

9

39.    After State Farm declined to cover the Loss, Plaintiff discovered that the oil tank within the Premises was empty because Carl King had stopped delivering heating oil to the Premises, contrary to the oil heating service agreement and the Bronze AC service plan.

40.    As of June 2024, the Bronze AC service plan from Carl King was in effect, which means that Plaintiff was still an automatic oil delivery customer.

41.    However, Carl King wrongfully and in breach of its contractual obligation, stopped delivering oil to the Premises in January 2023.

42.    Carl King never notified Plaintiff that it would no longer be delivering heating oil to the Premises, nor did it provide justification for such a decision. As a matter of fact, Carl King routinely contacted Plaintiff during the contract renewal windows.

43.    To the extent that a lack of heating oil was a contributing factor to the Loss, this issue was attributable to Carl King, whose performance under the oil-delivery contract was required to keep the system supplied with heating oil, and who breached its duties under this contract.

44.    To date Plaintiff has incurred substantial damages, including without limitation: remediation and repair costs, personal property losses, additional living expenses, and other consequential damages. These damages will continue to accrue and increase in the foreseeable future.

## COUNT I
### Declaratory Judgment (State Farm)

45.    Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 to 44 above.

46.    State Farm has wrongfully dishonored its obligations to make complete and timely payment of insurance proceeds to Plaintiff under the Policy, and in connection with the Loss. Plaintiff therefore seeks a judicial declaration that under the terms of the Policy, Plaintiff is entitled to immediate payment from State Farm for all amounts due and owing under the policy and for all future damages Plaintiff sustains as a result of the Loss, or in the alternative in an amount to be determined at trial.

47.    An actual controversy of a justiciable nature exists between Plaintiff and State Farm concerning the parties' rights and obligations under the State Farm Policy, and in connection with the freeze damage incident. The controversy is of sufficient immediacy to justify the entry of a declaratory judgment, as Plaintiff expects to continue to incur expenses into the future to complete remedial work on the premises.

48.    An award of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

## COUNT II
### Declaratory Judgment (Carl King)

49.    Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 to 48 above.

50.    Carl King wrongfully failed to deliver heating oil to the Premises under the parties' contract(s). Plaintiff therefore seeks judicial declaration that under the terms of the parties' contract(s), Plaintiff is entitled to immediate payment from Carl King all amounts due and owing under the policy and for all future damages Plaintiff sustains as a result of the Loss, or in the alternative in an amount to be determined at trial.

51.    An actual controversy of a justiciable nature exists between Plaintiff and Carl King concerning the parties' rights and obligations under the parties' contract, and in connection with the Loss. The controversy is of sufficient immediacy to justify the entry of a declaratory judgment, as Plaintiff expects to continue to incur expenses into the future to complete remedial work on the premises.

52.    An award of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

## COUNT III
### Insurance Bad Faith (First-Party)

12

53. Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 to 52 above.

54. State Farm owed Plaintiff a duty to fairly, promptly, and reasonably investigate, evaluate and pay coverage to the Plaintiff for the Loss pursuant to the terms of the Policy.

55. State Farm lacked a reasonable basis for denying coverage and knew or recklessly disregarded the lack of a reasonable basis by failing to conduct a fair, balanced investigation and misconstruing the Policy terms to avoid indemnifying Plaintiff's loss.

56. State Farm lacked a reasonable basis for denying coverage and knew or recklessly disregarded the lack of a reasonable basis by placing its own financial interests above Plaintiff's rights under the Policy.

57. In furtherance of its efforts to wrongfully deny coverage to the Plaintiff under the Policy, State Farm engaged in deceptive tactics by purporting to conduct a "routine" survey of the Premises pursuant to the terms of the Policy when their actual purpose, concealed from the Plaintiff, was to justify its refusal to provide coverage to the Plaintiff.

58. State Farm's conduct constitutes bad faith under Delaware law.

59. As a direct and proximate result, Plaintiff suffered damages, including covered loss amounts, additional expenses and other consequential damages.

13

60.    State Farm's conduct was willful, malicious, or in reckless disregard of Plaintiff's rights, warranting punitive damages.

## COUNT IV
### Breach of Implied Covenant of Good Faith and Fair Dealing (State Farm)

61.    Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 to 60 above.

62.    The Policy includes an implied covenant of good faith and fair dealing requiring State Farm to act reasonably and not to frustrate the fruits of the parties' contract.

63.    By unreasonably denying coverage and frustrating the State Farm Policy's core purpose, i.e. to protect Plaintiff against sudden accidental losses, State Farm breached the implied covenant of good faith and fair dealing.

64.    Plaintiff is entitled to compensatory damages, foreseeable consequential damages and all other relief the Court deems just.

## COUNT V
### Breach of Contract (Carl King)

65.    Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 to 64 above.

66.    The Oil Heat Service Agreement between Plaintiff and Carl King is a valid and enforceable contract. In addition, the Bronze AC Agreement is a valid and enforceable contract.

14

67.    Under the Bronze AC Agreement, Plaintiff contracted with Carl King for the automatic delivery of heating oil to the Premises.

68.    Plaintiff fully performed her contractual obligations towards Carl King, including providing regular payment for services.

69.    To the extent that there was any issue with heating or fuel supply, it was due to Carl King's failure to timely deliver heating oil as required by the parties' agreement.

70.    Carl King's breach caused and/or contributed to the freeze damage and/or exacerbated the damages to the Premises.

71.    Plaintiff is entitled to recover all damages proximately caused by Carl King's breach, including direct and consequential damages, plus interest and costs.

## COUNT VI
### Negligence (Carl King)

72.    Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 to 71 above.

73.    Carl King owed Plaintiff a duty of reasonable care in supplying heating oil in accordance with accepted practices and the Oil Heating Agreement, particularly during winter months when failure to supply heating oil can cause foreseeable freezing and burst pipes.

74.    Carl King breached that duty by failing to deliver heating oil with reasonable care and timeliness.

15

75.    Carl King's negligence was a proximate cause of the Loss and resulting damages.

76.    Plaintiff seeks compensatory damages in an amount to be determined at trial, together with interest and costs.

## COUNT VII
## Violation of the Delaware Consumer Fraud Act, 6 *Del. C.* §§2511, *et. seq.*
## (Carl King)

77.    Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 to 76 above.

78.    As stated herein, subsequent to the denial of coverage by State Farm on February 20, 2025, Paul Brathwaite learned from Carl King that Carl King had failed to deliver any heating oil to Plaintiff's house since January of 2023.  However, Plaintiff had been paying for services from Carl King pursuant to the oil heat service agreement continuously through the time that the Loss occurred.

79.    By continuing to pay for services under the oil heat service agreement, Plaintiff had a reasonable expectation that Carl King would keep her home's oil system in good working order and would keep the system supplied with sufficient oil to heat her home as needed.

80.    By charging Plaintiff regularly for services that it was not in fact providing, Carl King engaged in deception and acted with an intent to defraud the Plaintiff by charging her for the provision of services it had no intent to actually

16

provide to the Plaintiff, in violation of the Delaware Consumer Fraud Act (6 *Del. C.* §§2511 *et. seq.*).

81.    Carl King's conduct misled Plaintiff and was a contributing cause to the Loss and substantial damage to the Premises, for which Plaintiff has incurred and will continue to incur significant expenses.

82.    As Plaintiff is over 65 years of age, she is entitled to recover court costs, reasonable attorney fees, and treble damages in addition to the actual damages she has sustained pursuant to 6 *Del. C.* §2583.

## COUNT VIII
### Unjust Enrichment (In the Alternative State Farm)

83.    Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 to 82 above.

84.    In the alternative to the aforementioned claims for relief, and pursuant to Superior Court Civil Rule 8(e)(2), Plaintiff seeks recovery from State Farm based on unjust enrichment.

85.    State Farm received direct, material, and quantifiable financial benefit from Plaintiff, in the form of timely and periodic premium payments.

86.    State Farm accepted and retained the full benefit conferred by Plaintiff while failing to return or compensate Plaintiff for the value received, resulting in inequitable retention of that benefit.

17

87.    As a direct and proximate result of State Farm's retention of the benefit without repayment, Plaintiff suffered financial harm.

88.    State Farm's failure to return or compensate Plaintiff for the benefit conferred is without justification.

89.    It would be inequitable and unjust for State Farm to retain the benefit provided by Plaintiff without restitution.

## COUNT IX
### Comparative Fault/Apportionment (Alternative Pleading)

90.    To the extent that it is determined at trial that both Defendants contributed to Plaintiff's damages, Plaintiff pleads in the alternative for apportionment and/or contribution as permitted under Delaware statutes.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

a. declaring the parties' rights, duties, status or other legal relations in connection with the Policy;

b. declaring the parties' rights, duties, status or other legal relations in connection with Oil Heating Agreement and Bronze AC Agreement;

18

c.  awarding Plaintiff compensatory and punitive damages for State Farm's bad faith and for punitive consequential damages in an amount to be proven at trial;

d.  awarding Plaintiff all costs of this action, including without limitation attorneys' fees under 18 *Del. C.* § 4102 against State Farm;

e.  awarding Plaintiff all costs of this action and reasonable attorneys' fees as well as treble damages under 6 *Del. C.* §2583 against Carl King;

f.  awarding such other and further relief as this Court deems just and proper.


**OFFIT KURMAN, P.A.**


*/s/ Michael K. DeSantis*
Anthony N. Delcollo, Esq. (DE #5688)
Michael K. DeSantis, Esq. (DE #4847)
222 Delaware Ave, Suite 1105
Wilmington, DE 19801
(302) 351-0900 – Telephone
adelcollo@offitkurman.com
Michael.DeSantis@offitkurman.com
*Attorneys for Plaintiff Elise Brathwaite*

Dated:  February 20, 2026

4907-4143-3489, v. 4

19

EFiled: Feb 20 2026 04:41PM EST
Transaction ID 78521704
**SUPERIOR COURT** Case No. K26C-02-032 NEP
**CIVIL CASE INFORMATION STATEMENT (CIS)**

COUNTY:    N    **[K]**    S          CIVIL ACTION NUMBER:_____

| Caption: | Civil Case Code:  CDBT |
|---|---|
| ELISE BRATHWAITE, | Civil Case Type:  DEBT/BREACH OF CONTRACT |
| Plaintiff, | |
| v. | |
| | MANDATORY NON-BINDING ARBITRATION (MNA) _____ |
| STATE FARM FIRE AND CASUALTY COMPANY and GRIFFITH ENERGY SERVICES, INC., d/b/a CARL KING ENERGY SERVICES, INC., | Name and Status of Party filing document: ELISE BRATHWAITE, Plaintiff |
| Defendant. | |
| | Document Type:(E.G.; COMPLAINT; ANSWER WITH COUNTERCLAIM) COMPLAINT |
| | JURY DEMAND:   YES__xx__ No _____ |

| ATTORNEY NAME(S): Michael K. DeSantis, Esq. / Anthony N. Delcollo, Esq. | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT OR ANY RELATED CASES THAT HAVE BEEN CLOSED IN THIS COURT WITHIN THE LAST TWO YEARS BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS: |
|---|---|
| ATTORNEY ID(S): DeSantis: DE 4847; Delcollo: DE 5688 | |
| FIRM NAME:  OFFIT KURMAN, P.A. | EXPLAIN THE RELATIONSHIP(S): |
| ADDRESS: 222 Delaware Avenue, Suite 1105, Wilmington, DE 19801 | |
| TELEPHONE NUMBER: 302-351-0900 | |
| FAX NUMBER: 302-351-0915 | OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: |
| E-MAIL ADDRESS: Michael.desantis@offitkurman.com adelcollo@offitkurman.com | |

(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE)

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS) INSTRUCTIONS

## CIVIL CASE TYPE
Please select the appropriate civil case code and case type (e.g., **CODE - AADM** and **TYPE - Administrative Agency**) from the list below. Enter this information in the designated spaces on the Case Information Statement.

**APPEALS**
AADM - Administrative Agency
ACER - Certiorari
ACMB - Commission Marijuana Board
ACCP - Court of Common Pleas
AIAB - Industrial Accident Board
APSC - Public Service Commission
APCA - Purchaser Card JP Court Appeal
AUIB - Unemployment Insurance Appeal Board

**COMPLAINTS**
CABT - Abatement
CASB - Asbestos
CAAA - Auto Arb Appeal
CMIS - Civil Miscellaneous
CACT - Class Action
CCON - Condemnation
CCLD - Complex Commercial Litigation Division **(NCC ONLY)**
CDBT - Debt / Breach of Contract
CDEJ - Declaratory Judgment
CDEF - Defamation
CEJM - Ejectment
CATT - Foreign & Domestic Attachment
CFJG - Foreign Judgment
CFRD - Fraud Enforcement
CINT - Interpleader
CLEM - Lemon Law
CLIB - Libel
CMAL - Malpractice
CMED - Medical Malpractice
CPIN - Personal Injury
CPIA - Personal Injury Auto
CPRL - Products Liability
CPRD - Property Damage
CRPV - Replevin
CSPD - Summary Proceedings Dispute
CCCP - Transfer from CCP
CCHA - Transfer from Chancery
CWCC - Wrongful Conviction Compensation

**MASS TORT**
CABI - Abilify Cases
CBEN - Benzene Cases
CDEP - Depo Provera
CFAR - Farxiga Cases
CFIB - FiberCel Cases
CGLP - GLP1 Receptor Agonist
CHON - Honeywell Cases
CMON - Monsanto Cases
COCC - Occidental Chemical Cases
CPEL - Pelvic Mesh Cases
CPLX - Plavix Cases
CPPI - PPI Cases
CPQT - Paraquat Cases
CTAL - Talc Cases
CTAX - Taxotere Cases
CXAR - Xarelto Cases
CZAN - Zantac Cases

**INVOLUNTARY COMMITMENTS**

INVC- Involuntary Commitment

**MISCELLANEOUS**
MAGM - AG Motion - Civil/Criminal Investigations *
MADB - Appeal from Disability Board *
MAFF - Application for Forfeiture
MAAT - Appointment of Attorney
MGAR - Appointment of Guardianship
MCED - Cease and Desist Order
MCON - Civil Contempt/Capias
MCVP - Civil Penalty
MSOJ - Compel Satisfaction of Judgment
MSAM - Compel Satisfaction of Mortgage
MCTO - Consent Order
MIND - Destruction of Indicia of Arrest *
MESP - Excess Sheriff Proceeds
MHAC - Habeas Corpus
MTOX - Hazardous Substance Cleanup
MFOR - Intercept of Forfeited Money
MISS - Issuance of Subpoena
MLEX - Lien Extension
MMAN - Mandamus
MWIT - Material Witness *
MWOT - Material Witness - Out of State
MRAT - Motion for Risk Assessment
MROP - Petition for Return of Property
MCRO - Petition Requesting Order
MROD - Road Resolution
MSEL - Sell Real Estate for Property Tax
MSEM - Set Aside Satisfaction of Mortgage
MSSS - Set Aside Sheriff's Sale
MSET - Structured Settlement
MTAX - Tax Ditches
MREF - Tax Intercept
MLAG - Tax Lagoons
MVAC - Vacate Public Road
MPOS - Writ of Possession
MPRO - Writ of Prohibition

**MORTGAGES**
MCOM - Mortgage Commercial
MMED - Mortgage Mediation
MORT - Mortgage Non-Mediation (Res.)

**MECHANICS LIENS**
LIEN - Mechanics Lien

**\* Not e-Filed**

## DUTY OF THE PLAINTIFF
Each plaintiff/counsel shall complete the attached Civil Case Information Statement (CIS) and file it <u>with</u> the complaint.

**DUTY OF THE DEFENDANT**

Each defendant/counsel shall complete the attached Civil Case Information Statement (CIS) and file it <u>with</u> the answer and/or first responsive pleading.

4936-2954-0753, v. 1

**STATE OF DELAWARE**
**DEPARTMENT OF INSURANCE**
1351 W. NORTH ST, SUITE 101
DOVER, DELAWARE  19904

"OFFICIAL BUSINESS, PENALTY FOR PRIVATE USE $300"
12-03-00

D400 *(50p)*

CERTIFIED MAIL

9589 0710 5270 1452 7244 66

FIRST-CLASS

US POSTAGE ~ PITNEY BOWES

ZIP 19901
02 7W    $ 012.14⁰
0008034942 MAR 06 2026

**STATE FARM FIRE AND CASUALTY COMPANY**
c/o CORPORATION SERVICE COMPANY
251 LITTLE FALLS DR
WILMINGTON, DE 19808